# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Lee Pederson,  NO. 19-CV-1777 (JNE/DTS)

    Plaintiff,

v.  **ORDER STAYING CASE**

Phillip Frost, *et al.*,

    Defendants.

___

Plaintiff Lee Pederson filed the present action in July 2019, alleging claims for breach of fiduciary duty and tortious interference against the Defendants. Compl., Dkt. No. 1. Pederson previously filed a complaint[1] against two of the same Defendants and acknowledges in the current Complaint that the two cases "share common issues of fact and common parties." Compl. ¶ 20. Whereas the first complaint alleges fraudulent conduct of Defendants in business dealings, this Complaint alleges an attempt to cover up some of the alleged misconduct. Pl.'s Mem. Resp. Mot. Stay 7, Dkt. No. 19.

The first complaint was dismissed for lack of personal jurisdiction over the defendants. Order Adopting R&R, *Pederson I*, Dkt. No. 81. District Judge Wright concluded that Pederson was "the only nexus between Defendants and Minnesota—a nexus that is legally insufficient to support the exercise of personal jurisdiction over a nonresident defendant." *Id.* at 5. Pederson appealed the dismissal, the resolution of which is currently pending before the Eighth Circuit. Notice of Appeal, *Pederson I*, Dkt. No. 83. Defendant Frost now seeks a stay pending the Eighth Circuit's resolution of the appeal.

---

[1] Notice of Removal, *Pederson v. Frost,* Civ. No. 17-5580 (WMW/BRT) (D. Minn. Dec. 29, 2017) (hereinafter *Pederson I*), Dkt. No. 1.

This Court has the inherent power to stay litigation, a natural outgrowth of its power to control its docket. *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 923-24 (D. Minn. 2016). The Court's discretion to stay proceedings is broad, but the moving party must still establish the need for the requested stay. *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956-57 (D. Minn. 2018). Relevant factors for consideration include "the conservation of judicial resources . . . , providing for the just determination of cases, as well as the potential for duplicative efforts and wasted resources of the parties and hardship for the party opposing the stay." *Id.*

A stay is warranted in this matter until the Eighth Circuit decides Pederson's earlier appeal. Not staying the matter is likely to result in a waste of judicial resources. Pederson agrees with Frost "that the personal jurisdiction analysis is essentially the same" for both complaints. Pl.'s Mem. 9. The outcome of the appeal thus bears directly on the Court's analysis of personal jurisdiction over the Defendants in this action.

Pederson faces no real prejudice by having the litigation stayed at this early point. He seemingly agrees, but argues that Defendants should be required to make a responsive pleading before the stay goes into effect. Pederson contends that the Eighth Circuit would benefit from seeing the responsive pleadings in the present action because Defendants presented a "false narrative" in the prior action that misled the Court and resulted in dismissal. *Id.* The supposed "false narrative" was that the allegations regarding Defendant Frost were implausible because Frost is a wealthy philanthropist. But the Court dismissed the prior action solely because it found it lacked personal jurisdiction—that is, the Defendants had insufficient contacts with the state of Minnesota. Defendants may have raised a plausibility argument in their motion, but that did not form the basis of the Court's dismissal and so is irrelevant to the appeal.

Moreover, requiring Defendants to respond would negate the primary benefit of the stay: resolution of the personal jurisdiction question present in both cases.

The Court, being duly advised in the premises, upon all the files, records and proceedings herein, and finding a hearing unnecessary, now makes and enters the following Order.

IT IS HEREBY ORDERED that this case is STAYED pending resolution of the appeal in *Pederson I*.

Dated: September 12, 2019

                                                s/David T. Schultz
                                                DAVID T. SCHULTZ
                                                United States Magistrate Judge