UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lee Michael Pederson, | Court File No. 19-cv-01777 (JNE/DTS) |
| Plaintiff, | |
| v. | **MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |
| Philip Frost, CoCrystal Pharma, Inc. and Daniel Fischer, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 11(c), Defendant Dr. Phillip Frost, hereby moves the Court for sanctions because plaintiff's attempt to haul Mr. Frost into the District of Minnesota for a second time is frivolous and in bad faith.

Rule 11(b) of the Federal Rules of Civil Procedure provides "[b]y presenting to the court a pleading, written motion, or other paper," an attorney or unrepresented party certifies that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . ." Fed. R. Civ. P. 11(b). Mr. Pederson is subject to sanctions for violating Rule 11(b). Fed. R. Civ. P. 11(c)(1). Sanctionable conduct may include, among other things, "repeated advocacy of frivolous legal positions" concerning personal jurisdiction after rulings in prior lawsuits that the same allegations of personal jurisdiction were insufficient. *Smith v. Ghana Commercial Bank, Ltd.*, No. 13-cv-1010 (DWF/JJK), 2013 WL 12074963, at *1–2 (D. Minn. Dec. 6, 2013).

2

On September 13, 2018, District Court Judge Wright dismissed Mr. Pederson's complaint in his prior, related action based on a lack of personal jurisdiction over Dr. Frost. *Pederson v. Frost, et al.*, 17-cv-05580 (WMW-BRT), ECF No. 81 (Sept. 13, 2018) (the "Prior Case"). On July 8, 2019, Mr. Pederson instituted the Current Case, which was stayed pending the resolution of the personal jurisdiction issue in the Prior Case in the Eighth Circuit Court of Appeals. On March 10, 2020, a panel of the Eighth Circuit affirmed Judge Wright's decision in the Prior Case. *Pederson v. Frost, et al.*, No. 18-3195 (8th Cir. Mar. 10, 2020). On March 21, 2020, Mr. Pederson filed a petition for panel rehearing and en banc review in the Prior Case. On April 14, 2020, the Eighth Circuit denied his petition.

Mr. Pederson's decision to name Dr. Frost in a second lawsuit in the District of Minnesota, on the heels of the District Court's dismissal of the Prior Case against him for lack of personal jurisdiction was frivolous at that point. Now, months later, after the lack of personal jurisdiction over Dr. Frost has been affirmed by the Eighth Circuit, continued prosecution of the Current Case against Dr. Frost is not only legally frivolous, but also in bad faith.

Mr. Pederson's assertion of personal jurisdiction over Dr. Frost in the District of Minnesota has been rejected by a Magistrate Judge, a District Court Judge, and now a panel of the Eighth Circuit Court of Appeals (with the Eighth Circuit declining en banc review). As Mr. Pederson has acknowledged with respect to Dr. Frost, "the personal jurisdiction analysis is essentially the same for both" the Prior Case and this Current Case. Pl.'s Mem. Resp. Mot. Stay at 9 (ECF No. 19.) Accordingly, no good-faith basis exists upon which to continue to pursue the Current Case with respect to Dr. Frost in the District of Minnesota.

Yet, despite the lack of good faith basis, Mr. Pederson persists, and Dr. Frost is forced to incur expense to move to dismiss this lawsuit in a District that has no personal jurisdiction over him.  Accordingly, Rule 11 sanctions should be imposed against Mr. Pederson.

This motion is supported by this Motion, the arguments of counsel, and all of the files, records and proceedings herein, including the proceedings set forth in the Prior Case.[1]

Respectfully submitted:

Dated:  April 14, 2020
Filed: Aug. 7, 2020

*/s/ Joseph T. Dixon III*
Joseph T. Dixon III (#0283903)
Alethea M. Huyser (#0389270)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
Facsimile:  612.492.7077
*jdixon@fredlaw.com*
*ahuyser@fredlaw.com*
*jpavelko@fredlaw.com*

---

[1] Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, on April 14, 2020, counsel for Dr. Frost served upon plaintiff a copy of this motion with a cover letter requesting that plaintiff voluntarily dismiss his claims against Dr. Frost to eliminate the need for this motion.  Plaintiff did not voluntarily dismiss his claims.

4


CASE 0:19-cv-01777-JNE-DTS   Doc. 36   Filed 08/07/20   Page 4 of 4

5

> Robert J. Anello (NY I.D. 1708825)
> *Admitted pro hac vice*
> Edward M. Spiro (NY I.D. 1271634)
> *Admitted pro hac vice*
> Christopher B. Pavlacka (NY I.D. 5366638)
> *Admitted pro hac vice*
> **MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**
> 565 Fifth Avenue
> New York, NY 10017
> Telephone: 212.880.9600
> Facsimile: 212.856.9494
> *espiro@maglaw.com*
> *ranello@maglaw.com*
> *cpavlacka@maglaw.com*
>
> ***Attorneys for Defendant Phillip Frost***

5